

FILED
CLERK, U.S. DISTRICT COURT

FEB 1 0 2009

12:50

CENTRAL DISTRICT OF CALIFORNIA
BY           N L        DEPUTY



A CERTIFIED TRUE COPY
ATTEST

By Jakeia Mells on Feb 10, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Feb 10, 2009**

**FILED**
**CLERK'S OFFICE**

**IN RE: AFTERMARKET AUTOMOTIVE LIGHTING**
**PRODUCTS ANTITRUST LITIGATION**

MDL No. 2007

**2:09-ML-2007 GW (PJWx)**

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiff Dynacorn, Inc., has moved, pursuant to 28 U.S.C. § 1407, for centralization of three actions in the Central District of California. Responding defendants[1] do not oppose plaintiff's motion. Plaintiffs in the two other actions and plaintiffs in three Central District of California potential tag-along actions support centralization in the Central District of California. While supporting centralization, plaintiffs in a Central District of California action (*Sabry Lee*) and potential tag-along action (*Flash Sales*) request coordination of the actions, as opposed to consolidation.

This litigation currently consists of three actions listed on Schedule A and pending in the following districts: two actions in the Central District of California and an action in the Southern District of California.[2]

After considering all argument of counsel, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations that the defendants conspired to fix, raise, maintain or stabilize prices, and/or artificially manipulate the market, for aftermarket automotive lighting products in the United States, in violation of federal and/or state antitrust law. Centralization under Section 1407 will

---

[*] Judge Hansen took no part in the decision of this matter.

[1] Responding defendants include Maxzone Vehicle Lighting Corp.; Genera Corp.; and E-Lite Automotive, Inc.

[2] In addition to the three actions now before the Panel, the parties have notified the Panel of five related actions pending in the Central District of California. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The responding plaintiffs' concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings can be presented to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree of any coordination or consolidation to the discretion of the transferee judge. *See In re Pfizer Inc. Securities, Derivative & "ERISA" Litigation*, 374 F.Supp.2d 1348, 1349-50 (J.P.M.L. 2005).

We are persuaded that the Central District of California is an acceptable transferee forum for this litigation. No party opposes centralization in this district, where all but one of the actions are currently pending before Judge George H. Wu. In addition, several defendants are headquartered within the Central District of California and accordingly pertinent documents and witnesses are likely located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Central District of California is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable George H. Wu for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen[*] |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

**IN RE: AFTERMARKET AUTOMOTIVE LIGHTING
PRODUCTS ANTITRUST LITIGATION**                                    MDL No. 2007

## SCHEDULE A

Central District of California

Sabry Lee, Inc. v. Genera Corp., et al., C.A. No. 2:08-5758
Dynacorn Autobody Parts, Inc. v. Genera Corp., et al., C.A. No. 8:08-1158

Southern District of California

California Customs, Inc. v. Genera Corp., et al., C.A. No. 3:08-1900

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
J. Frederick Motz
United States District Court
District of Maryland

Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Western District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

February 10, 2009

Honorable George H. Wu
U.S. District Judge
128 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012-4701

Re: MDL No. 2007 -- IN RE: Aftermarket Automotive Lighting Products Antitrust Litigation

Dear Judge Wu:

Attached are:  (i) a letter directed to the Clerk of your district advising that the above-referenced litigation has been transferred to you under 28 U.S.C. § 1407 and (ii) a copy of the related transfer order.

As you may know, all multidistrict litigation statistics are maintained by this office and submitted to the Administrative Office for inclusion in the Annual Report of the Director. Consequently, once yearly we will verify with your Clerk the actual number and status of the actions assigned to you, including actions added to the docket either by transfer of tag-along actions or additional related actions originally filed in your district. A copy of our inquiry to your Clerk will be directed to you for your information.

We have a Citrix remote access server for use by transferee courts in accessing our database for information regarding assigned multidistrict litigation.  The server can be accessed by you if you have a Windows based  personal computer with DCN access.  Our database contains transferor and transferee information for each action transferred by the Panel and actions filed in your district.  Counsel identified in the database are those who made appearances in the transferor districts, counsel who filed appearances before the Panel and counsel assigned by you as liaison counsel. Also, each individual action is tracked from the date of transfer to termination either by dismissal, remand to transferor district, remand to state court, etc.  If you are interested in utilizing the server, please feel free to contact our Systems Administrator, Al Ghiorzi, to establish a password and receive instructional information.

Your attention is directed to Rule 7.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 436-38 (2001), dealing with termination and remand of actions transferred by the Panel.  Specifically, the rule states, in part, the following:

- 2 -

(a)  Actions terminated in the transferee district court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee district court....

(b)  Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial....

(c)  The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on...suggestion of the transferee district court....

We will promptly act upon any written notices from you that remand of actions or separable claims transferred under Section 1407 is appropriate.

If you appoint liaison counsel, in your pretrial order outlining liaison counsel's responsibilities, please consider reinforcing Panel Rule 5.2(e), which provides:

If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule [Panel Rule 5.2, Service of Papers Filed Before the Panel] shall be satisfied by serving each party in each affected action and all liaison counsel.  Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

Feel free to contact this office if we may be of assistance to you.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel


By  ___Jakeia Mells___
Jakeia Mells
Deputy Clerk


Attachments (Separate Documents)

cc:   Clerk, United States District Court
      for the Central District of California


JPML Form 23

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

| | | | |
|---|---|---|---|
| **CHAIRMAN:**<br>John G. Heyburn II<br>United States District Court<br>Western District of Kentucky | **MEMBERS:**<br>J. Frederick Motz<br>United States District Court<br>District of Maryland<br><br>Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana<br><br>Kathryn H. Vratil<br>United States District Court<br>District of Kansas | David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit<br><br>W. Royal Furgeson, Jr.<br>United States District Court<br>Western District of Texas<br><br>Frank C. Damrell, Jr.<br>United States District Court<br>Eastern District of California | **DIRECT REPLY TO:**<br><br>Jeffery N. Lüthi<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002<br><br>Telephone: [202] 502-2800<br>Fax:         [202] 502-2888<br>http://www.jpml.uscourts.gov |

February 10, 2009

Terri Nafisi, Clerk
G-8 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

Re:  MDL No. 2007 -- IN RE: Aftermarket Automotive Lighting Products Antitrust Litigation

Dear Ms. Nafisi:

Attached as a separate document is a certified copy of a transfer order issued today by the Judicial Panel on Multidistrict Litigation in the above-captioned matter.  The order is directed to you for filing.  Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001),  states "A transfer or remand pursuant to 28 U.S. C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk  of the district court of the transferee district."

Today we are also serving an information copy of the order on the transferor court(s).  The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred [transferor court]."

Rule 1.6(a), pertaining to transfer of files, states "the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action." **With the advent of electronic filing, many transferee courts have found that it is not necessary to request the original file.  Some transferee courts will send their certified copy of the Panel order with notification of the newly assigned transferee court case number and inform the transferor courts that they will copy the docket sheet via PACER.  Others may request a certified copy of the docket sheet and a copy of the complaint (especially if it was removed from state court).  You should be specific as to the files you would like to receive from the transferor courts and if no files will be necessary, you should make that clear.  Therefore, Rule 1.6(a) will be satisfied once a transferor court has complied with your request.**

You may find Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts helpful in managing the your MDL docket.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts.  These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference.  Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated.  We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders

- 2 -

regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge suggesting to the Panel that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

Attached to this letter, for your information, is a copy of the Panel Attorney Service List. Listed below is the transferor clerk information.

W. Samuel Hamrick, Jr., Clerk
4290 Edward J. Schwartz Federal Building
880 Front Street
San Diego, CA 92101-8900
**John Morrill/CASD/09/USCOURTS**

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Jakeia Mells*
Jakeia Mells
Deputy Clerk

Attachments (Transfer Order is a Separate Document)

cc:     Transferee Judge: Judge George H. Wu
        Chief Judge Transferee District: Judge Audrey B. Collins

JPML Form 33

# Judicial Panel on Multidistrict Litigation - Panel Attorney Service List
## for
## MDL 2007 - IN RE: Aftermarket Automotive Lighting Products Antitrust Litigation

**\*\*\* Report Key and Title Page \*\*\***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**

  \* Signifies that an appearance was made on behalf of the party by the representing attorney.

  # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.

  All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**

  Docket: 2007 - Aftermarket Automotive Lighting Products AT

  For Open Cases

## Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Page 1

Docket: 2007 - IN RE: Aftermarket Automotive Lighting Products Antitrust Litigation
Status: Transferred on 02/10/2009
Transferee District: CAC    Judge: Wu, George H.

Printed on 02/10/2009

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Blecher, Maxwell M.<br>BLECHER & COLLINS PC<br>515 South Figueroa Street<br>Suite 1750<br>Los Angeles, CA 90071 | =>Phone: (213) 622-4222  Fax: (213) 622-1656  Email: mblecher@blechercollins.com<br>Sabry Lee, Inc.* |
| Bomse, Stephen V.<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA 94105 | =>Phone: (415) 773-5700  Fax: (415) 773-5759  Email: sbomse@orrick.com<br>Depo Auto Parts Industrial Co., Ltd.*; Maxzone Vehicle Lighting Corp.* |
| Eagle Eyes Traffic Indust, Ltd.<br>No. 27, Lane 764 Chung Shan N. Road<br>Yung Kang City<br>Tawain Hsien, Taiwan 638 | =><br>Eagle Eyes Traffic Industrial Co., Ltd. |
| Everett, Jr, J. Clayton<br>MORGAN LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | =>Phone: (202) 739-3000  Fax: (202) 739-3001  Email: jeverett@morganlewis.com<br>Genera Corp.* |
| Hartley, Jason<br>ROSS DIXON BELL LLP<br>550 West B Street<br>Suite 400<br>San Diego, CA 92101 | =>Phone: (619) 235-4040  Fax: (619) 231-8796  Email: jhartley@rdblaw.com<br>Dynacorn Autobody Parts* |
| LeVee, Jeffrey A.<br>JONES DAY<br>555 South Flower Street<br>50th Floor<br>Los Angeles, CA 90071 | =>Phone: (213) 243-2572  Fax: (213) 243-2539  Email: jlevee@jonesday.com<br>E-Lite Automotive, Inc.* |
| Lehmann, Michael P.<br>HAUSFELD LLP<br>44 Montgomery Street<br>Suite 3400<br>San Francisco, CA 94104 | =>Phone: (415) 633-1908  Fax: (415) 358-4980  Email: mlehmann@hausfeldllp.com<br>DJ's Autobody, Inc. dba Wheeler's Autobody Supply* |
| Salzman, Hollis L.<br>LABATON SUCHAROW LLP<br>140 Broadway<br>33rd Floor<br>New York, NY 10005 | =>Phone: (212) 907-0700  Fax: (212) 818-0477  Email: hsalzman@labaton.com<br>Flash Sales, Inc.* |
| Shpall, Tomas A.<br>ROSENBERG SHPALL & ASSOCIATES<br>401 B Street<br>Suite 2209 | =>Phone: (619) 232-1826  Fax: (619) 232-1859  Email: rsalaw@yahoo.com<br>California Customs, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| San Diego, CA 92101 | |
| TYC Brother Industrial Co, Ltd<br>72-2 Shin-leh Road<br>Taiwan<br>Taiwan 702 | =><br>TYC Brother Industrial Co., Ltd. |

---

Note: Please refer to the report title page for complete report scope and key.