# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | 09 MDL 2007-GW(PJWx) |
| Date | April 20, 2009 |
| Title | *In Re: Aftermarket Automotive Lighting Products Antitrust Litigation* |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Kelly Roberts | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Max Blecher/Courtney A. Palko -
Sabry Lee, Inc.
Jay Himes - Flash Sales, Inc.
Jason S. Hartley/Bonny E. Sweeney -
Dynacorn Autobody
Jacklin Chou Lem/Brigid Martin - DOJ
Jonathan T. King

Attorneys Present for Defendants:

Counsel for dfts Depo and Maxzone:
David Brownstein
Counsel for dfts Genera Corporation:
Thomas J. Long/Andrea S. Ordin
Jeffrey A. Levine

**PROCEEDINGS:** CV 08-5758 - DEFENDANTS TYC BROTHER INDUSTRIAL CO., LTD & GENERA CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (filed 03/12/09);

GOVERNMENT'S MOTION FOR LIMITED STAY OF DISCOVERY (filed 03/23/09)

Hearing is held. The tentative circulated is hereby adopted as the Court's final ruling (attached). On the matter of CV 08-5758 - Defendants TYC Brother Industrial Co., Ltd. & Genera Corporation's Motion to Dismiss First Amended Complaint is **denied**. The Government's Motion for Limited Stay of Discovery is **granted**.

A Status Conference is set for **October 22, 2009 at 8:30 a.m.**

IT IS SO ORDERED.

| | : | 28 |
|---|---|---|
| | Initials of Preparer | JG |

<u>**In re: Aftermarket Automotive Lighting Products Antitrust Litigation**</u>, Case No. 09-ML-2007; Related Case: <u>**Sabry Lee, Inc. v Genera Corp.**</u>, Case No. CV-08-5758
Tentative Rulings on (1) Motion to Dismiss First Amended Complaint; and
(2) United States' Motion for Limited Stay of Discovery.


## I. BACKGROUND

Plaintiff Sabry Lee, Inc. ("Sabry Lee" or "Plaintiff") is suing Defendants Genera Corporation ("Genera"), Maxzone Vehicle Lighting Corp. ("Maxzone"), E-Lite Automotive, Inc. ("E-Lite"), TYC Brother Industrial Co., Ltd. ("TYC"), Depo Auto Parts Industrial Co., Ltd. ("Depo") and Eagle Eyes Traffic Industrial Co., Ltd ("Eagle Eyes") (collectively, "Defendants") based on an alleged "predatory pricing" scheme in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. This action is the first-filed of seven civil lawsuits (and the only one that is not a putative class action) alleging anticompetitive conduct in the aftermarket automotive lighting industry.[1] These actions, pursuant to the February 10, 2009, Transfer Order by the United States Judicial Panel on Multidistrict Litigation, have now been docketed for "coordinated or consolidated proceedings" under the caption, <u>In re: Aftermarket Automotive Lighting Products Antitrust Litigation</u>, 2:09-ML-2007 GW (PJWx). An eighth case, <u>Motoring Parts Int'l v. genera Corp., et al.</u>, 09-CV-0967, is currently pending before Judge Walter in this district; a notice of related cases has been filed in that action.

On February 12, 2009, the Court granted Defendants' motion to dismiss Sabry Lee's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's First Amended Complaint ("FAC") was filed on February 19, 2009. Defendants' now move to dismiss the FAC. The motion to dismiss is discussed in section II below.

A related criminal antitrust investigation to the coordinated civil actions is proceeding in the Northern District of California. Based on the criminal investigation, on March 9, 2009, the Court granted a motion by the United States government to intervene in the coordinated MDL action for the purpose of seeking a limited stay of discovery. The government's motion for a discovery stay is addressed in section III.

## II. MOTION TO DISMISS

Although styled a "Motion to Dismiss First Amended Complaint," the Court previously denied Defendants' motion to dismiss Counts IV, V, or VI of the Complaint; accordingly, Defendants' motion does not address them. The factual allegations and enumerated causes of action of the original Complaint, as well as the governing legal standard, are fully described in the Court's February 12, 2009 order. <u>See</u> Doc. No. 49. Where relevant, the differences between

---

[1] The other cases are as follows. Direct purchaser cases: <u>Dynacorn Autobody Parts v. Genera Corporation, et al.</u>, CV08-05758; <u>Flash Sales Inc. v. Genera Corporation, et al.</u>, CV08-07204; <u>DJ Autobody Inc. v. Genera Corporation, et al.</u>, CV08-07634; and <u>California Customs Inc. v. Genera Corporation, et al.</u>, CV09-982. Indirect purchaser cases: <u>Amy Healthfield v. Genera Corporation, et al.</u>, CV08-07018; and <u>Pete Sahagian, et al. v. Genera Corporation, et al.</u>, CV 08-07613.

the FAC and the Complaint are noted.

### A. Sherman Act Claim

As in the original Complaint, Count I of the FAC alleges a scheme to restrain trade by engaging in predatory pricing in violation of section 2 of the Sherman Act. At the hearing on the previous motion to dismiss, the Court found that Count I was defective because Sabry Lee had not adequately alleged that there was a "dangerous probability" of Defendants' recouping their investment in below-cost prices. See Brooke Group v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 224 (1993). Sabry Lee has attempted to correct this deficiency by adding the allegation, at ¶ 21(c) of the FAC, that "at such time as plaintiff is eliminated as a competitor, there is a dangerous probability that each defendant, through their price-fixing activities or otherwise, will be able to recoup its losses by raising prices on the same products that they are currently pricing below cost."

Without any factual basis, such allegations would not satisfy the pleading standard for antitrust cases articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Writing that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed," 550 U.S. at 558, the Supreme Court in Twombly held that "a formulaic recitation of the elements of a cause of action" will not suffice to state a claim for relief. Id. at 555. Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

Here, Defendants argue, Sabry Lee has alleged no facts that support the underlying premise of its recoupment allegation - i.e., that it is in imminent danger of being driven from the market - and at least one fact that undermines it. To wit, Sabry Lee alleges that it was able to engage a new supplier, Vision Parts Industrial Co., Ltd. ("VPI"), after terminating its relationship with Defendant Eagle Eyes. See FAC ¶ 15. The entry of a new supplier into the U.S. market makes it questionable whether Defendants can, as Sabry Lee asserts, eventually raise its prices to recoup its losses from years of alleged below-cost sales. The FAC alleges, however, that because VPI lacks the complete range of products that was previously available to Plaintiff, Sabry Lee remains vulnerable to Defendants' tactics to eliminate it as a competitor. See id.

Defendant observes that this assertion, too, is suspect in light of the fact that Sabry Lee has been able to weather approximately four years of Defendants' allegedly predatory pricing and there are no facts alleged that suggest that Sabry Lee's market position should be expected to worsen. In deciding a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Viewed under this extremely deferential standard, Sabry Lee's allegation that it is vulnerable to Defendants' alleged anticompetitive conduct probably should be permitted (barely) to survive Defendants' motion to dismiss. The Court obviously would have preferred to see further factual support, but it would be inefficient to require a further amendment at this time. If the claim is ultimately going to be dismissed, it would be better to simply let the evidentiary record develop than to require a further amendment.

Defendants also argue that Sabry Lee's allegations of predatory pricing are implausible because of the high level of cooperation and trust required in predatory pricing cases involving

multiple defendants. In both Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588-590 (1986), and Brooke Group the Supreme Court commented on "the general improbability of predatory pricing," and the even greater improbability of predatory pricing schemes involving multiple firms. See Brooke Group, 509 U.S. at 227 (citing Matsushita). Neither case suggests that such claims must be dismissed at the pleading stage, however.

Finally, Defendants note that Sabry Lee's recoupment allegations are implausible in light of the existence of the coordinated MDL proceeding and Department of Justice investigation. In its Opposition brief, Sabry Lee argues somewhat bizarrely that even if Defendants will be unable to recoup by literal price-fixing, "plaintiff still has plausible recoupment (sic) by tacit agreement by tacit agreement or conscious parallelism." Opp. 5:25-26. Defendants devote a couple of pages to arguing (1) that Sabry Lee is precluded from making this argument because it does not comport with the allegations in the FAC, and (2) that recoupment via conscious parallelism is still implausible. More to the point, an agreement to engage in supracompetitive pricing until all competitors were driven from the market, and then (somehow) to stop agreeing and simply engage in conscious parallelism until all of the losses were recouped would still be an illegal agreement. But Sabry Lee is probably correct that the plausibility of its recoupment allegations is one that "awaits factual development," and that the allegations are not so implausible that the claim can be dismissed on a Rule 12(b)(6) motion. It is a very close call, however.

### B. Cartwright Act

Defendants' motion to dismiss Count II is premised upon the supposed failure of Sabry Lee's Sherman Act claim. As Count I has barely survived the renewed motion to dismiss, the motion should also be denied as to Count II.

### C. Intentional Interference

In Count III of its Complaint, Sabry Lee seeks recovery for alleged violations of the common law torts of "intentional interference with actual and prospective economic advantages." FAC ¶ 30-35. The tort of intentional interference with economic relations has the following elements:

> (1) an economic relationship between plaintiff and a third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional and wrongful conduct designed to interfere with or disrupt this relationship; (4) interference with or disruption of this relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's wrongful conduct.

Sole Energy Co. v. Petrominerals Corp., 128 Cal. App. 4th 212, 241 (2005). The interference must be wrongful, i.e., "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1159 (Cal. 2003). In its FAC, Sabry Lee alleges that Defendants interfered with its economic relations by "deliberately undertak[ing] the illegal practices described herein," and by "making false and misleading statements to Sabry Lee's actual and prospective customers, suppliers, and vendors." FAC ¶ 31. Based upon the above recommendation to allow Count I to

proceed, Sabry Lee has adequately alleged the "intentional and wrongful conduct" element of the tort. With respect to Plaintiff's allegations concerning "false and misleading" statements, however, no new factual allegations have been provided, and the allegations still do not satisfy the particularity requirement of Rule 9(b). Defendants have not made a separate motion to strike as to these allegations, however.

### D. Conclusion

For the foregoing reasons, Defendants' motion to dismiss Sabry Lee's FAC should be DENIED.

## III. MOTION FOR LIMITED STAY OF DISCOVERY

The government contends that the criminal investigation into possible antitrust violations in the aftermarket automotive lighting industry warrants a limited stay of discovery. The government proposes a twelve-month stay on deposition discovery and a six-month stay on what it characterizes as "merits-related" document discovery. The government's proposal permits any party to seek a modification of the stay upon a showing of good cause. See Proposed Order ¶ 6.

### A. Legal Standard

Factors a court may consider in deciding whether to stay civil proceedings in the face of parallel criminal proceedings include:
> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989) (quoting Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D.Pa. 1980).

### B. Analysis

The government has sufficiently shown that provided documents produced to the grand jury would reveal the nature, scope, and direction of the ongoing criminal investigation. Deposition discovery poses similar problems because individuals who may be cooperating with the criminal investigation may be forced to reveal the fact of their cooperation, the scope of the ongoing investigation, and the identity of other potential witnesses. Moreover, the Court may find that Plaintiffs' interests will not be substantially affected by the proposed stay of discovery.

The government's motion is essentially unopposed by Defendants. However, both the Plaintiffs in the Direct Purchaser actions ("Direct Purchaser Plaintiffs" or "DPPs") and Sabry Lee have filed "partial oppositions" to the motion both of which go to the first factor of the above test. Sabry Lee proposes that any stay order the Court issues should provide for Sabry Lee's ability to seek (1) provisional relief during the pendency of the stay and (2) discovery from

defendants "at least as to prices, costs and profit/losses" related thereto. The DPPs and Sabry Lee propose that any stay be conditioned upon their ability to receive, via a Request for Production, copies of any documents produced by Defendants to the grand jury.

With regard to the request to allow discovery of documents produced pursuant to criminal grand jury subpoenas, this is the approach that was taken in In re Dynamic Random Access Memory (DRAM) Antitrust Litig., Case No. M:02-1486 (N.D. Cal.) (Ex. 4 to Motion) and In re Static Random Access Memory Antitrust Litig., Case No. M:07-1819 (N.D. Cal.) (Ex. 5). By contrast, the government's proposal is similar to the orders entered in In re Korean Airlines Co., Ltd. Antitrust Litig., Case No. 07-ML-1891 (C.D. Cal.) (Ex. 1) and In re Cathode Tube Ray (CRT) Antityrust Litig., Case No. 07-ML-1917 (N.D. Cal.) (Ex. 2). As the government observes, Plaintiffs' proposal would be unfair in this case because it would afford Plaintiffs access to all of Defendants' documents while Defendants would only have access to their own documents. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947). The DPPs' argument that release of the documents to plaintiffs would not hamper the Grand Jury investigation does not address this concern.

The DPPs also ask that the proposed stay order should be amended to make clear that, notwithstanding Local Rule 23-3 (requiring motion for class certification to be filed within 90 days) class certification proceedings will be held in abeyance pending further order of the Court and termination of the stay. Its papers do not indicate how its motion for class certification will be impeded by the government's proposed partial stay of discovery. Nevertheless, in light of the relatively lengthy stay that is proposed, it may make sense to defer the motion for class certification.

Finally, the government indicates that it takes no position regarding Sabry Lee's being permitted to seek provisional relief. The proposed stay, though it is characterized as a limitation on "merits-related" discovery, expressly permits discovery relating to sales and costs. See Proposed Order at ¶3(b),(d). It would not appear to present the most significant obstacle to Sabry Lee's seeking such relief.

C. Conclusion

The government's motion for a limited stay of discovery is GRANTED but for an initial period of six months subject to renewal upon the Government's providing a report on the status of the criminal matter by October 19, 2009 and status conference set for October 22, 2009 at 8:30 a.m.