1  STUEVE SIEGEL HANSON LLP
   Jason S. Hartley (SBN No. 192514)
2  550 West C Street, Suite 610
   San Diego, CA 92101
3  Telephone:  (619) 400-5822
   Facsimile:  (619) 400-5832
4  hartley@stuevesiegel.com

5  *Attorneys for Plaintiffs*

6  *[See Additional Counsel on Signature Page]*

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  **IN RE AFTERMARKET**              **09-ml-2007 GW (PJWx)**
    **AUTOMOTIVE LIGHTING**
12  **PRODUCTS ANTITRUST**             **NOTICE OF LODGING**
    **LITIGATION**                     **STIPULATED**
13                                     **CONFIDENTIALITY ORDER**

14  This Document Relates to Cases:

15  08-cv-1158 GW
    08-cv-7204 GW
16  08-cv-7634 GW
    08-cv-8470 GW
17  08-cv-7613 GW               Courtroom:      10
    08-cv-5758 GW               Judge:    Hon. George Wu
18  09-cv-0982 GW
    09-cv-0967 JFW (Notice of Related Case
19  filed 2/23/09)

20                                     *Note change at*

21                                     *Page 11, ¶ 30*

22                                     *(f) (ii).   PJW*

23

24

25

26

27

28

                                                       09-ML-2007 GW

1012041 v. 3

1    NOTICE IS HEREBY GIVEN that the parties lodge the attached Stipulated

2  Confidentiality Order with this Court.

3

4  Dated: November 13, 2009                    Respectfully submitted,

5

6                                    By /s/ Jason S. Hartley
                                        Jason S. Hartley
                                        STUEVE SIEGEL HANSON LLP
7                                       550 West C Street, Suite 610
                                        San Diego, CA 92101
8                                       Telephone:  (619) 400-5822
                                        Facsimile:   (619) 400-5832
9
                                        COUGHLIN STOIA GELLER RUDMAN &
10                                      ROBBINS, LLP
                                        Bonny Sweeney
11                                      655 West Broadway, Suite 1900
                                        San Diego, CA 92101
12                                      Telephone: (619) 231-1058
                                        Facsimile: (619) 231-7423
13
                                        HAUSFELD LLP
14                                      Michael P. Lehmann
                                        Jon T. King
15                                      44 Montgomery Street, Suite 3400
                                        San Francisco, CA 94104
16                                      Telephone: (415) 633-1908
                                        Facsimile: (415) 358-4980
17
                                        HAUSFELD LLP
18                                      Michael D. Hausfeld
                                        1146 19th St. NW
19                                      Fifth Floor
                                        Washington, D.C. 20036
20                                      Telephone: (202) 579-1089
                                        Facsimile: (202) 747-5713
21
                                        LABATON SUCHAROW LLP
22                                      Jay L. Himes
                                        Hollis L. Salzman
23                                      Benjamin D. Bianco
                                        140 Broadway
24                                      New York, New York 10005
                                        Telephone: (212) 907-0700
25                                      Facsimile: (212) 818-0477

26                                      *Interim Co-Lead Counsel for Direct
                                        Purchaser Plaintiffs*

27

28

                                         1

                                                                    09-ML-2007 GW

1012041 v. 3

STUEVE SIEGEL HANSON LLP
Jason S. Hartley (SBN No. 192514)
550 West C Street, Suite 610
San Diego, CA 92101
Telephone:   (619) 400-5822
Facsimile:   (619) 400-5832
hartley@stuevesiegel.com

*Attorneys for Plaintiffs*

*[See Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE AFTERMARKET AUTOMOTIVE LIGHTING PRODUCTS ANTITRUST LITIGATION**<br><br>This Document Relates to Cases:<br><br>08-cv-1158 GW<br>08-cv-7204 GW<br>08-cv-7634 GW<br>08-cv-8470 GW<br>08-cv-7613 GW<br>08-cv-5758 GW<br>09-cv-0982 GW<br>09-cv-0967 JFW (Notice of Related Case filed 2/23/09) | **09-ml-2007 GW (PJWx)**<br><br>**STIPULATED CONFIDENTIALITY ORDER**<br><br><br>Courtroom:      10<br>Judge:      Hon. George Wu |

09-ML-2007 GW

1012041 v. 3

1   Plaintiffs and Defendants hereby stipulate and agree that, upon entry by the

2   Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,[1] the following

3   Confidentiality Stipulation and Protective Order ("Order") shall govern the

4   disclosure of Material in the Action, including Material produced by nonparties.

5   **Definitions**

6   1.   "Action" means the action captioned *In re Aftermarket Automotive*

7   *Lighting Products Antitrust Litigation*, MDL 2007, Master File No. CV 09-ml-2007

8   (GW) (C.D. Cal.), which is currently pending in the United States District Court for

9   the Central District of California, and includes actions asserting antitrust claims

10   regarding automotive lighting products that were transferred by the Judicial Panel

11   for Multidistrict Litigation for coordination, including but not limited to "tag-

12   along" actions, and all actions that may be transferred in the future.

13   2.   "'Confidential' Material" means Material (regardless of how created,

14   generated, stored or maintained) or tangible things that consists of:

15   (a)   previously nondisclosed financial information (including

16   without limitation profitability reports or estimates, percentage fees, design fees,

17   royalty rates, minimum guarantee payments, sales reports and sale margins);

18   (b)   previously nondisclosed material relating to ownership or

19   control of any non-public company;

20   (c)   previously nondisclosed business plans, product development

21   information, or marketing plans;

22   (d)   any information of a personal or intimate nature regarding any

23   individual;

24   (e)   any information or Material the Producing Party reasonably

25   deems to be confidential because if it were disclosed to another party or non-party it

26   _____

27   [1] Nothing herein is intended to modify, amend or supersede any of the parties' rights or obligations to request, produce, provide or respond to discovery under the

28   Federal Rules of Civil Procedure or other applicable law.

1

1   would create a substantial risk of personal, commercial or financial injury,

2   including, but not limited to, information that might reasonably be of value to a

3   competitor or customer of the Producing Party, or might reasonably pose a

4   commercial disadvantage to the Producing Party if the information were disclosed

5   publicly;  or

6                      (f)     any other category of information hereinafter given confidential

7   status by the Court.

8          3.     "Court" shall refer to the United States District Court for the Central

9   District of California and the Honorable George H. Wu or his successor.

10          4.     "Defendant" means any defendant named in the Consolidated Class

11   Action Complaint, dated April 1, 2009, or future amended complaints and any

12   defendant named in *Sabry Lee, Inc v. Genera Corporation, et al*, CV08-05758

13   (GW) (C.D. Cal.), including, as applicable, all of a Defendant's officers, directors,

14   employees, consultants, retained experts, and outside counsel (and their support

15   staff).  The *Sabry Lee* action shall be referred to as the "Related Action."

16          5.     "Disclose" means to show, give, produce, make available, reproduce,

17   communicate, process, paraphrase, summarize, or excerpt, in whole or in part, by

18   any means or medium.

19          6.     "Document" is defined to be synonymous in meaning and equal in

20   scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

21          7.     "ESI", Electronically Stored Information, is defined to be synonymous

22   in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal

23   Rules of Civil Procedure.

24          8.     "Legend" means the designation affixed to or appearing on the

25   Confidential  Material (i.e., "Confidential").

26          9.     "Material" means all items of information, regardless of method or

27   manner created, generated, stored or maintained (including, among other things,

28

documents, ESI, written discovery responses, testimony, transcripts, or tangible things), that are produced or generated in, or created for the purpose of, disclosures or responses to discovery in this Action and Related Actions.

10. "Parties" means Defendants and Plaintiffs.

11. "Party" means any of the Parties.

12. "Person" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

13. "Plaintiff" means any of the Plaintiffs identified in the Consolidated Class Action Complaint in the Action, dated April 1, 2009 and in the Related Action, including putative class representatives, and, as applicable, all of a Plaintiff's officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

14. "Process" means any act with respect to data, whether or not by automatic means, covered by any applicable laws or regulations governing the processing of data (including laws of foreign nations, to the extent applicable) including, but not limited to, collection, storage, use, amendment, disclosure, dissemination or otherwise making available, recording, retrieval, consultation, organization, adaptation or alteration, alignment or combination, blocking, erasure, transfer into archives, or destruction.

15. "Producing Party" means a Party or non-party that designates Material that it produces in disclosures or responses to discovery as "Confidential."

16. "Receiving Party" means a Party that receives Material from a Producing Party.

09-ML-2007 GW

### Good Cause Statement

17.     The Parties anticipate producing in this Action and/or the Related Action Material that (a) derives independent economic value, actual and potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. The Parties further anticipate producing in this Action and/or the Related Action Material that either directly identifies a natural person or from which the identity of a natural person might reasonably be inferred.

18.     To preserve legitimate proprietary and privacy interests, this Order (a) establishes procedures for Producing Parties' production of Confidential Material; (b) restricts those Persons who may receive Confidential Material; and (c) imposes obligations on all Persons who receive Confidential Material to protect such Material from unauthorized use or Disclosure.

19.     The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the Material that are entitled under the applicable legal principles to treatment as confidential.

### General Provisions

20.     This Order shall be binding on: (a) the Parties in the Action and Related Action; (b) counsel for all of the Parties in the Action and Related Action; and (c) any other Person who receives Material produced by a Producing Party.

21.     Confidential Material produced by a Producing Party shall not be used or Disclosed by any Person except as specifically and expressly permitted by this Order.

4

22.   A Receiving Party may use Material that are disclosed or produced by another Party or by a non-party only in connection with prosecuting or defending the claims in the Action and/or Related Action, or in attempting to settle this Action and /or Related Action, and not for any other purpose, except as required by law. Unless such Material are in the public domain, they shall not be used or otherwise Processed by any Person for any purpose not related to the claims in this Action and/or Related Action.  When this Action and/or Related Action has concluded, a Receiving Party must comply with the provisions of Paragraph 37, below.

23.   Confidential Material may be Disclosed only to those Persons and under the conditions set forth in this Order, and must be maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

24.   The provisions of this Order extend to all Confidential Material, regardless of the manner in which they are Disclosed.  No provision of this Order shall apply to publicly available Material.

## Designating Confidential Material

25.   Except as otherwise provided in this Order or as otherwise stipulated by the Parties or ordered by the Court, Confidential Material that qualifies for protection under this Order must be clearly designated as such before it is disclosed or produced.  Designation in conformity with this Order requires the following:

(a)   for Material in the documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), by the Producing Party affixing the Legend (i.e., "Confidential"), as applicable, on each page that contains Confidential Material.  If only a portion of the Material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). To the extent that ESI is produced in native format, the Producing Party may designate such Material as

5

Confidential by cover letter referring generally to such matter and by affixing (where possible) a label or file name on the ESI or its casing indicating such designation.

        (b)    <u>for testimony given in deposition</u>, by counsel stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or by notifying all parties in writing of the designation within 30 days after the date of the deposition. All Material disclosed during a deposition shall be deemed to have been designated Confidential until 30 days after the date of the deposition, whether or not any portion of the transcript has been so designated previously. After that 30 day period, all Material disclosed during a deposition that has not been designated Confidential Material shall cease to be such.

        (i)    When it is impractical to identify separately each portion of testimony that is entitled to protection, the Producing Party may designate the entire transcript as Confidential Material. To the extent a non-party provides or sponsors testimony that a Party believes in good faith is Confidential Material under this Order as to that Party, that Party may designate such testimony as Confidential Material.

        (ii)    Counsel for any Producing Party shall have the right to exclude from oral depositions any Person who is not authorized by this Order to receive Confidential Material. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Confidential Material of the Producing Party.

        (iii)    Transcript pages containing Confidential Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL," in accordance with instructions of the Producing Party.

        (c)    <u>for Material produced in some form other than documentary evidence, and for any other tangible form</u>, by the Producing Party affixing in a

1  prominent place on the exterior of the item, or the container(s) in which the item is

2  stored the Legend "CONFIDENTIAL."  If only portions of the Material warrant

3  protection, the Producing Party, to the extent practicable, shall identify the

4  protected portions with the appropriate Legend.

5        26.    Nothing in this Order constitutes an agreement or acknowledgment

6  that any Material has been properly designated Confidential, or is entitled to

7  confidential treatment under applicable law, nor does this paragraph relieve the

8  Producing Party of its burden to establish that designated Material is entitled to

9  receive confidential treatment under this Order if a dispute arises concerning such

10  designation.

11        (a)    A Producing Party's failure to designate any Confidential

12  Material or the misdesignation of any Confidential Material does not waive the

13  confidentiality otherwise attaching to such Confidential Material, provided that the

14  Producing Party notifies the Parties of such failure or misdesignation promptly after

15  the Producing Party discovers it. Upon discovery that Confidential Material was

16  incorrectly designated or not designated at all, the Producing Party shall notify the

17  Parties, and shall then have thirty (30) days to redesignate and reproduce the

18  Material bearing the appropriate Legend. In the interim, the Material may not be

19  used or Disclosed in a manner inconsistent with the confidentiality designation

20  indicated by the Producing Party in its notification. If a Producing Party

21  redesignates and reproduces Material, the Parties that received the Material at issue

22  shall promptly return all incorrectly designated Material, and take all reasonable

23  steps to return all copies of such Material, to the Producing Party.

24        27.    When any non-party produces Material pursuant to a request from a

25  Party in this Action or the Related Actions, such non-party may designate its

26  Material as "Confidential" pursuant to this Order so long as it agrees to be bound

27  by all the provisions of the Order.  In addition, within ten (10) court days of the

28

7

1   receipt of any non-party Material, any of the Parties may designate such Material as

2   "Confidential" pursuant to this Order provided that the Party purporting to

3   designate the Material has interests in the Material so designated. A Party may not

4   designate Material produced by a non-party as "Confidential" based on the interests

5   of the non-party producing the Material.  Pending the expiration of the ten (10)

6   court days from receipt of any non-party Material, all Receiving Parties shall treat

7   such material as Confidential Material. After that 10-day period, all Material

8   produced by the non-party that has not been designated Confidential Material shall

9   cease to be such. Nothing in this paragraph shall permit any Party or non-party to

10  designate as Confidential Material any Material other than that referred to in

11  paragraph 2 of this Order

**Challenging Confidentiality Designations**

13  28.   The following procedures shall govern any challenges to a Producing

14  Party's confidentiality designations:

15  (a)   If a Receiving Party believes that Material should not have been

16  designated "Confidential" (an "Objecting Party"), it may, at any time after the

17  production or disclosure of Confidential Material but not later than forty-five (45)

18  days before the date set for trial in this Action or Related Actions, provide the

19  Producing Party with a written objection that identifies the Material at issue and

20  states its reasons for questioning the Confidentiality designation. The Producing

21  Party must respond in writing within ten (10) business days of the date of the

22  written notice, or within such additional time as the Parties may agree to or as the

23  Court may, on notice, order.

24  (b)   If the Objecting Party is not satisfied by the Producing Party's

25  response, the Objecting Party shall so advise the Producing Party in writing. Not

26  later than five (5) business days after so advising the Producing Party, the Objecting

27  Party may move the Court for an order determining that Material designated as

28

8

1  "Confidential" fails to qualify for that treatment under the terms of this Order and

2  applicable law. On any such motion, the Producing Party shall have the burden to

3  establish that the Material has been appropriately designated as Confidential

4  Material.

5        (c)    If a Receiving Party objects to any designation of Material as

6  "Confidential," such Material shall be deemed covered by this Order,  unless and

7  until either (i) the Receiving and Producing Parties agree, or (ii) the Court orders

8  otherwise.

9        (d)    If the Material previously designated as "Confidential" ceases to

10  be so designated as set forth in Paragraph 28(c), the Producing Party shall then

11  reproduce the Material without any confidentiality Legend, or as otherwise directed

12  by the Court. Other Persons who received the misdesignated Material at issue shall

13  promptly return all copies of such Material to the Producing Party.

14  **Disclosure of Confidential Material**

15      29.    Each Person to whom Confidential Material is Disclosed, except those

16  Persons identified in Paragraph Nos. 30(a), (b), (d), and (e) shall, before receiving

17  any Confidential Material as set forth in this Paragraph, agree in writing to be

18  bound by this Order by signing a declaration in the form annexed as Exhibit A.

19  Such declarations shall be secured by counsel for the Party making the disclosure,

20  and the names of Persons who have signed a declaration shall not be discoverable

21  except upon a showing of good cause and by order of the Court.

22      30.    Unless otherwise directed by the Court or authorized by the Producing

23  Party, and subject to the other restrictions in this Order, Confidential Material may

24  be Disclosed only to the persons identified below:

25        (a)    The Court and appropriate court personnel;

26        (b)    The Receiving Party's outside counsel who are retained to

27  prosecute or defend the claims in the Action and/or Related Action, and those

28

members of counsel's legal, paralegal, secretarial or clerical staff assisting in the prosecution or defense to whom it is reasonably necessary to disclose Material for this litigation;

(c)     In-house counsel or advisors for any Party specifically assigned by the Party in question to provide or assist in providing legal advice on the prosecution or defense of claims in the Action and/or Related Action and those counsel's or advisor's legal, paralegal, secretarial or clerical staff assisting in the prosecution or defense to whom it is reasonably necessary to disclose Material for this litigation, provided that each such counsel (i) shall be a member in good standing of a state, federal or international bar, (ii) shall certify in writing to the person making disclosure that he/she is not involved in competitive decision-making as to the purchase, sale or marketing of aftermarket automotive lighting, and (iii) agrees in writing to be bound by this Order by signing a declaration in the form annexed as Exhibit A;

(d)     Court reporters, court videographers, copy and litigation support vendors, and their staffs, to whom disclosure is reasonably necessary for this litigation;

(e)     Any person who was either an author or recipient of the Confidential Material or to whom it was otherwise disclosed, prior to the intended disclosure in the Action and/or Related Actions;

(f)     To any witness in this matter in connection with an interview or deposition, where the attorney making the disclosure has a good faith basis to make the disclosure in furtherance of the prosecution or defense this Action and/or the Related Actions, subject to the following provisions:

(i)     For pricing, cost, profit and/or customer-identification information that is less than two years old as of the date of proposed disclosure, before disclosing the information to those referred to in subsection (f), the party

09-ML-2007 GW

1    seeking to make the disclosure will provide the Producing Party with notice of the

2    intended disclosure and afford the Producing Party an opportunity to object to the

3    disclosure.

4              (ii)    In the event that such a dispute cannot be resolved by the

5    Parties, either Party may apply to the Court or magistrate judge for a determination

6    whether the objection is appropriate. The burden rests on the Party objecting to

7    disclosure to demonstrate that further restriction beyond that in this Protective

8    Order is proper. ~~Unless the parties otherwise agree, the motion will be made in~~

9    ~~accordance with procedure that permits expedited briefing and presentation to the~~

10   ~~court or magistrate judge.~~

11             (iv)    These provisions are without prejudice to the Parties' rights with

12   respect to discovery generally. Any Party shall have the right to seek discovery of

13   information less than two years old, and any Party to whom such a request is

14   directed shall have the right to object on grounds unrelated to the provisions of

15   paragraph 30(f) (i).

16             (g)    Consulting or testifying experts retained by any of the Parties

17   for assistance in the prosecution or defense of claims in the Action and/or Related

18   Action;

19             (h)    Arbitrators and mediators involved in resolving disputes over

20   claims in the Action and/or Related Action; and

21             (i)    Participants in mock trial or mock jury exercises conducted by

22   counsel for a Party;

23       31.    In the case of witnesses at trial or at a hearing, nothing in this Order

24   shall preclude the disclosure of Confidential Material and any Party seeking such

25   protection must apply separately to the Court.

26       32.    A Producing Party may, at the time of or at any time after the

27   production or disclosure of Confidential Material but no later than forty-five (45)

28

days before the date set for trial in this Action or Related Actions, request that
particular Confidential Material not be Disclosed to Persons described in paragraph
30(c) above by serving upon counsel for such Persons a written notice (i)
identifying the particular Confidential Material subject to the request, and (ii)
stating with specificity the grounds for the request.  If agreement cannot be reached
within ten (ten) days of such notice, the Producing Party may apply to the Court for
appropriate relief.  On any such motion, the Producing Party shall have the burden
to establish that the additional restriction on disclosure of Confidential Material is
appropriate.

33.    All pleadings, motions, or other papers filed with the Court that
contain or make reference to Confidential Material must be lodged with a request
for filing under seal in compliance with Civil Local Rule 79-5.1.  Requests for
sealing must be limited only to those narrowly tailored portions of Confidential
Material for which good cause to seal exists.  All other portions of  the Confidential
Material must be included in the public record and clearly indicated where
Confidential Material has been redacted and sealed.  Each filing requires an
individualized sealing order; blanket prospective authorizations are not allowed
pursuant to Civil Local Rule 79-5 and *Kamakana v. Honolulu*, 447 F.3d 1172, 1179
(9th Cir. 2006).

34.    Chambers copies should include all Confidential Material, both
redacted and unredacted, so that chambers staff does not have to reassemble the
whole brief or declaration.

### Inadvertent Disclosure of Privileged Material

35.    If any Material produced in response to discovery requests in this
Action and/or Related Actions is subject to a claim of privilege or identified as trial
preparation material, the Producing Party may notify any Receiving Party about the
inadvertent production of this Material and that the Material should have been

12

1  withheld on the grounds of a privilege, including the attorney-client privilege,

2  attorney work product doctrine or similar protections (collectively referred to as

3  "Inadvertently Produced Privileged Material"). The Receiving Party upon receiving

4  notice must immediately return the Inadvertently Produced Privileged Material to

5  the Producing Party, including any copies, must not use or disclose the Material,

6  and must take reasonable steps to retrieve the Material if the Receiving Party

7  disclosed it before being notified. In connection with any motion presented to the

8  Court regarding a determination of privilege, the Receiving Party may not assert

9  that the fact of production alone constitutes a waiver of an applicable privilege.

10  However, nothing in this Paragraph shall preclude a Party from asserting that the

11  production of the allegedly Inadvertently Produced Privileged Material was not

12  inadvertent or that the conduct or circumstances constitute a waiver, or from

13  arguing that the Inadvertently Produced Privileged Material is not Privileged.

14  Nothing in this paragraph shall relieve the Producing Party of any burden otherwise

15  imposed under Rule 502 of the Federal Rules of Evidence.

16  <u>**Miscellaneous**</u>

17      36.    Any Person who has received Confidential Material subject to this

18  Order who receives a document request, order or subpoena for production or

19  Disclosure of such Material ("Compulsory Process") shall promptly, and in no

20  event more than five (5) court days prior to the date on which compliance with the

21  Compulsory Process falls due, give written notice to the Producing Party's outside

22  counsel identifying the Confidential Material sought and providing a copy of the

23  Compulsory Process. The Person subject to the Compulsory Process shall not

24  produce or Disclose the requested Material prior to the date of production called for

25  in the Compulsory Process. The Receiving Party must also promptly, and in no

26  event more than five (5) court days prior to the date on which compliance with the

27  Compulsory Process falls due, inform in writing the Party who caused the

28

1   Compulsory Process to issue in the other litigation that some or all of the Material

2   covered by the Compulsory Process is the subject of this Order, and deliver a copy

3   of this Order promptly to such person.

4       37.   Within ninety (90) days of a written request after a final,

5   nonappealable judgment has been entered with respect to all of the claims against

6   all Defendants in the Action and/or Related Actions, Persons who received

7   Confidential Material governed by this Order shall destroy all Confidential

8   Material. Notwithstanding the foregoing, Plaintiffs' Counsel may retain

9   Confidential Material for the administration of any class settlements in the Action

10   and/or Related Actions and the distribution of funds to class members. Within sixty

11   (60) days after the final distribution of funds to class members, after all appellate

12   review rights have been exhausted with respect to such distribution, any such

13   Confidential Material shall be destroyed as described above.  Notwithstanding this

14   provision, counsel may retain an archival copy of all attorney work product and

15   correspondence, and a complete set of court filings, depositions and exhibits,

16   provided that  Counsel shall take all reasonable steps to maintain the confidential

17   nature of the Material so retained in accordance with this Order.

18       38.   All obligations and duties arising under this Order and under any

19   declaration executed pursuant to this Order shall survive the termination of this

20   Action and/or Related Actions unless the Producing Party agrees otherwise in

21   writing or the Court otherwise orders.

22       39.   Nothing in this Order shall prohibit any Party from seeking

23   modification of this Order, either by stipulation among the Parties or by application

24   to the Court.

25       40.   Persons receiving Confidential Material governed by this Order shall

26   take all reasonable technical and organizational measures to prevent unauthorized

27   access to, Disclosure, use, or other Processing of, Confidential Material.

28

41.     Nothing in this Order shall restrict the use by a Party of its own Confidential Material.

42.     This Order is without prejudice to a Party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection not based on the confidentiality of the Material sought.

43.     Neither this Order nor the Disclosure of Confidential Material shall be deemed a concession or determination of the relevance, materiality, or admissibility of Confidential Material governed by or Disclosed under this Order.

44.     Nothing in this Order shall be deemed to modify any of the provisions of Local Rule 37-1 through 37-4.

Dated: November 6, 2009                    Respectfully submitted,

                                           By
                                              Jason S. Hartley
                                              STUEVE SIEGEL HANSON LLP
                                              550 West C Street, Suite 610
                                              San Diego, CA 92101
                                              Telephone:  (619) 400-5822
                                              Facsimile:   (619) 400-5832

                                           COUGHLIN STOIA GELLER RUDMAN &
                                           ROBBINS, LLP
                                           Bonny Sweeney
                                           655 West Broadway, Suite 1900
                                           San Diego, CA 92101
                                           Telephone: (619) 231-1058
                                           Facsimile: (619) 231-7423

                                           HAUSFELD LLP
                                           Michael P. Lehmann
                                           Jon T. King
                                           44 Montgomery Street, Suite 3400
                                           San Francisco, CA 94104
                                           Telephone: (415) 633-1908
                                           Facsimile: (415) 358-4980

1
2
3
4

HAUSFELD LLP
Michael D. Hausfeld
1146 19th St. NW
Fifth Floor
Washington, D.C. 20036
Telephone: (202) 579-1089
Facsimile: (202) 747-5713

5
6
7
8

LABATON SUCHAROW LLP
Jay L. Himes
Hollis L. Salzman
Benjamin D. Bianco
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

9
10

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

11
12
13
14
15

BLECHER AND COLLINS
Maxwell Blecher
Courtney Palko
515 South Figueroa St.
17th Floor
Los Angeles, CA 90071
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

16

*Counsel for Sabry Lee*

17
18
19

JONES DAY

By _____

20

Eric P. Enson

21
22

*Attorneys for Defendants*
*E-LITE AUTOMOTIVE, INC. &*
*EAGLE EYES TRAFFIC INDUSTRIAL CO.,*
*LTD.*

23
24
25
26
27
28

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK HERRINGTON & SUTCLIFFE
LLP

By _____

David Brownstein

*Attorneys for Defendants*
*DEPO AUTO PARTS INDUSTRIAL CO.,*
*LTD & MAXZONE VEHICLE LIGHTING*
*CORP.*

MORGAN, LEWIS & BOCKIUS LLP

By _____

Andrea Sheridan Ordin

*Attorneys for Defendants*
*TYC BROTHER INDUSTRIAL CO., LTD.*
*and GENERA CORPORATION*

17

09-ML-2007 GW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>ORDER</u>

After consideration of the terms of the foregoing Stipulated Protective Order, and good cause appearing therefor,

IT IS HEREBY ORDERED that this Stipulated Protective Order shall govern the production of documents and other discovery in the above-entitled action.

DATED: _11/17/09_

_____
JUDGE OF THE U.S. DISTRICT COURT

18

09-ML-2007 GW

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IN RE AFTERMARKET
AUTOMOTIVE LIGHTING
PRODUCTS ANTITRUST
LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

MDL DOCKET NO. 2007

MASTER FILE NO. 00-ML-2007 (GW)

## CERTIFICATION

1.      My name is_____.

I live at _____.

I am employed as (state position)_____

by (state name and address of employer)_____.

2.      I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____ 2009, at

_____.

**By** _____(signature)

18

09-ML-2007 GW