UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: AFTERMARKET AUTOMOTIVE LIGHTING PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Civil No. 09-ML-2007 GW PJW<br><br>MODIFIED PROTECTIVE ORDER<br><br>Court Room:    10<br><br>Judge:    Hon. George Wu |

The Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,[1] hereby enters the following Modified Protective Order ("Order"), which shall govern the disclosure of Material in the Action, including Material produced by nonparties. This modified order is contingent upon, and shall take effect only upon, Madam Justice H.A. Rady of the Ontario Superior Court of Justice entering a substantially similar order binding Westminster Mutual Insurance Company to its terms in the case of *Westminster Mutual Insurance Company v. TYC Brother Industrial Company Ltd. et al.*, No. 62732 CP.

---

[1] Nothing herein is intended to modify, amend or supersede any of the parties' rights or obligations to request, produce, provide or respond to discovery under the Federal Rules of Civil Procedure or other applicable law.

**Definitions**

1.     "Action" means the action captioned *In re Aftermarket Automotive Lighting Products Antitrust Litigation,* MDL 2007, Master File No. CV 09-ml-2007 (GW) (C.D. Cal.), which is currently pending in the United States District Court for the Central District of California, and includes actions asserting antitrust claims regarding automotive lighting products that were transferred by the Judicial Panel for Multidistrict Litigation for coordination, including but not limited to "tagalong" actions, and all actions that may be transferred in the future. "Action" also includes the action captioned *Westminster Mutual Insurance Company v. TYC Brother Industrial Co., Ltd. et al.*, Court File No. 62732 CP, which is currently pending in the Superior Court of Justice, Ontario, Canada (the "Canadian Action").

2.     "'Confidential' Material" means Material (regardless of how created, generated, stored or maintained) or tangible things that consists of:

(a)     previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)     previously nondisclosed material relating to ownership or control of any non-public company;

(c)     previously nondisclosed business plans, product development information, or marketing plans;

(d)     any information of a personal or intimate nature regarding any individual;

(e)     any information or Material the Producing Party reasonably deems to be confidential because if it were disclosed to another party or non-party it would create a substantial risk of personal, commercial or financial injury, including, but not limited to, information that might reasonably be of value to a competitor or customer of the Producing Party, or might reasonably pose a commercial disadvantage to the Producing Party if the information were disclosed publicly; or

(f)     any other category of information hereinafter given confidential status by the Court.

3.     "Court" shall refer to the United States District Court for the Central District of California and the Honorable George H. Wu or his successor.

1         4.      "Defendant" means any defendant named in the Consolidated Class Action
2  Complaint, dated April 1, 2009, or future amended complaints and any defendant named in
3  *Sabry Lee, Inc* v. *Genera Corporation, et ai,* CVOS-05758 (GW) (C.D. Cal.), including, as
4  applicable, all of a Defendant's officers, directors, employees, consultants, retained experts, and
5  outside counsel (and their support staff). The *Sabry Lee* action shall be referred to as the "Related
   Action." "Defendant" also includes any Defendant in the Canadian Action.
6         5.      "Disclose" means to show, give, produce, make available, reproduce,
7  communicate, process, paraphrase, summarize, or excerpt, in whole or in part, by any means or
8  medium.
9         6.      "Document" is defined to be synonymous in meaning and equal in scope to the
10 usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.
11        7.      "ESI", Electronically Stored Information, is defined to be synonymous in meaning
   and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.
12        8.      "Legend" means the designation affixed to or appearing on the Confidential
13 Material (i.e., "Confidential").
14        9.      "Material" means all items of information, regardless of method or manner
15 created, generated, stored or maintained (including, among other things, documents, ESI, written
16 discovery responses, testimony, transcripts, or tangible things), that are produced or generated in
17 or created for the purpose of, disclosures or responses to discovery in this Action and Related
   Actions.
18        10.     "Parties" means Defendants and Plaintiffs. "Parties" also includes any Party in
19 the Canadian Action.
20        11.     "Party" means any of the Parties.
21        12.     "Person" means any natural person, partnership, corporation, Association, or other
22 legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees,
23 agents, attorneys, and representatives.
24        13.     "Plaintiff' means any of the Plaintiffs identified in the Consolidated Class Action
25 Complaint in the Action, dated April 1, 2009 and in the Related Action, including putative class
26 representatives, and, as applicable, all of a Plaintiff's officers, directors, employees, consultants,
27 retained experts, and outside counsel (and their support staff). "Plaintiff" also includes the
   Plaintiff in the Canadian Action, Westminster Mutual Insurance Company.
28

14. "Process" means any act with respect to data, whether or not by automatic means, covered any applicable laws or regulations governing the processing of data (including laws of foreign nations, to the extent applicable) including, but not limited to, collection, storage, use, amendment, disclosure, dissemination or otherwise making available, recording, retrieval, consultation, organization, adaptation or alteration, alignment or combination, blocking, erasure, transfer into archives, or destruction.

15. "Producing Party" means a Party or non-party that designates Material that it produces in disclosures or responses to discovery as "Confidential."

16. "Receiving Party" means a Party that receives Material from a Producing Party.

**Good Cause Statement**

17. The Parties anticipate producing in this Action and/or the Related Action Material that (a) derives independent economic value, actual and potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. The Parties further anticipate producing in this Action and/or the Related Action Material that either directly identifies a natural person or from which the identity of a natural person might reasonably be inferred.

18. To preserve legitimate proprietary and privacy interests, this Order (a) establishes procedures for Producing Parties' production of Confidential Material; (b) restricts those Persons who may receive Confidential Material; and (c) imposes obligations on all Persons who receive Confidential Material to protect such Material from unauthorized use or Disclosure. The Canadian Plaintiff is granted access under the terms of this Order only to Documents and ESI, including Confidential Material, produced by any Defendant or current or former employee of any Defendant and to transcripts of depositions of any current or former employee of any Defendant, including portions designated Confidential.

19. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the Material that are entitled under the applicable legal principles to treatment as confidential.

**General Provisions**

20. This Order shall be binding on: (a) the Parties in the Action and Related Action; (b) counsel for all of the Parties in the Action and Related Action; and (c) any other Person who

1  receives Material produced by a Producing Party. This Order shall also be binding on all Parties,
2  counsel or other Person in the Canadian Action.

3      21.    Confidential Material produced by a Producing Party shall not be used or
4  Disclosed by any Person except as specifically and expressly permitted by this Order.

5      22.    A Receiving Party may use Material that are disclosed or produced by another
Party or by a non-party only in connection with prosecuting or defending the claims in the
Action and/or Related Action and/or the Canadian Action, or in attempting to settle this Action
and/or Related Action and/or the Canadian Action, and not for any other purpose, except as
required by law. Unless such Materials are in the public domain, they shall not be used or
otherwise Processed by any Person for any purpose not related to the claims in this Action and/or
Related Action and/or the Canadian Action. When this Action and/or Related Action and/or the
Canadian Action have concluded, a Receiving Party must comply with the provisions of
Paragraph 37, below.

    23.    Confidential Material may be Disclosed only to those Persons and under the
conditions set forth in this Order, and must be maintained by a Receiving Party at a location and
in a secure manner that ensures that access is limited to the persons authorized under this Order.

    24.    The provisions of this Order extend to all Confidential Material, regardless of the
manner in which they are Disclosed. No provision of this Order shall apply to publicly available
Material.

## Designating Confidential Material

    25.    Except as otherwise provided in this Order or as otherwise stipulated by the
Parties or ordered by the Court, Confidential Material that qualifies for protection under this
Order must be clearly designated as such before it is disclosed or produced. Designation in
conformity with this Order requires the following:

    (a)    <u>for Material in the documentary form</u> (apart from transcripts of depositions or
other pretrial or trial proceedings), by the Producing Party affixing the Legend (i.e.,
"Confidential"), as applicable, on each page that contains Confidential Material. If only a portion
of the Material on a page qualifies for protection, the Producing Party also must clearly identify
the protected portion(s) (*e.g.,* by making appropriate markings in the margins). To the extent that
ESI is produced in native format, the Producing Party may designate such Material as

Confidential by cover letter referring generally to such matter and by affixing (where possible) a label or file name on the ESI or its casing indicating such designation.

    (b)    for testimony given in deposition, by counsel stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or by notifying all parties in writing of the designation within 30 days after the date of the deposition. All Material disclosed during a deposition shall be deemed to have been designated Confidential until 30 days after the date of the deposition, whether or not any portion of the transcript has been so designated previously. After that 30 day period, all Material disclosed during a deposition that 11 has not been designated Confidential Material shall cease to be such.

        (i) When it is impractical to identify separately each portion of testimony that is entitled to protection, the Producing Party may designate the entire transcript as Confidential Material. To the extent a non-party provides or sponsors testimony that a Party believes in good faith is Confidential Material under this Order as to that Party, that Party may designate such testimony as Confidential Material.

        (ii) Counsel for any Producing Party shall have the right to exclude from oral depositions any Person who is not authorized by this Order to receive Confidential Material. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Confidential Material of the Producing Party.

        (iii) Transcript pages containing Confidential Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL," in accordance with instructions of the Producing Party.

    (c)    <u>for Material produced in some form other than documentary evidence, and for any other tangible form</u>, by the Producing Party affixing in a prominent place on the exterior of the item, or the container(s) in which the item is stored the Legend "CONFIDENTIAL." If only portions of the Material warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions with the appropriate Legend.

    26.    Nothing in this Order constitutes an agreement or acknowledgment that any Material has been properly designated Confidential, or is entitled to confidential treatment under applicable law, nor does this paragraph relieve the Producing Party of its burden to establish that designated Material is entitled to receive confidential treatment under this Order if a dispute arises concerning such designation.

6

(a) A Producing Party's failure to designate any Confidential Material or the misdesignation of any Confidential Material does not waive the confidentiality otherwise attaching to such Confidential Material, provided that the Producing Party notifies the Parties of such failure or misdesignation promptly after the Producing Party discovers it. Upon discovery that Confidential Material was incorrectly designated or not designated at all, the Producing Party shall notify the Parties, and shall then have thirty (30) days to redesignate and reproduce the Material bearing the appropriate Legend. In the interim, the Material may not be used or Disclosed in a manner inconsistent with the confidentiality designation indicated by the Producing Party in its notification. If a Producing Party redesignates and reproduces Material, the Parties that received the Material at issue shall promptly return all incorrectly designated Material, and take all reasonable steps to return all copies of such Material, to the Producing Party.

27. When any non-party produces Material pursuant to a request from a Party in this Action or the Related Actions, such non-party may designate its Material as "Confidential" pursuant to this Order so long as it agrees to be bound by all the provisions of the Order. In addition, within ten (10) court days of the receipt of any non-party Material, any of the Parties may designate such Material as "Confidential" pursuant to this Order provided that the Party purporting to designate the Material has interests in the Material so designated. A Party may not designate Material produced by a non-party as "Confidential" based on the interests of the non-party producing the Material. Pending the expiration of the ten (10) court days from receipt of any non-party Material, all Receiving Parties shall treat such material as Confidential Material. After that 10-day period, all Material produced by the non-party that has not been designated Confidential Material shall cease to be such. Nothing in this paragraph shall permit any Party or non-party to designate as Confidential Material any Material other than that referred to in paragraph 2 of this Order.

### Challenging Confidentiality Designations

28. The following procedures shall govern any challenges to a Producing Party's confidentiality designations:

(a) If a Receiving Party believes that Material should not have been designated "Confidential" (an "Objecting Party"), it may, at any time after the production or disclosure of Confidential Material but not later than forty-five (45) days before the date set for trial in this Action or Related Actions, provide the Producing Party with a written objection that identifies

7

the Material at issue and states its reasons for questioning the Confidentiality designation. The Producing Party must respond in writing within ten (10) business days of the date of the written notice, or within such additional time as the Parties may agree to or as the Court may, on notice, order.

    (b)    If the Objecting Party is not satisfied by the Producing Party's response, the Objecting Party shall so advise the Producing Party in writing. Not later than five (5) business days after so advising the Producing Party, the Objecting Party may move the Court for an order determining that Material designated as "Confidential" fails to qualify for that treatment under the terms of this Order and applicable law. On any such motion, the Producing Party shall have the burden to establish that the Material has been appropriately designated as Confidential Material.

    (c)    If a Receiving Party objects to any designation of Material as "Confidential," such Material shall be deemed covered by this Order, unless and until either (i) the Receiving and Producing Parties agree, or (ii) the Court orders otherwise.

    (d)    If the Material previously designated as "Confidential" ceases to be so designated as set forth in Paragraph 28(c), the Producing Party shall then reproduce the Material without any confidentiality Legend, or as otherwise directed by the Court. Other Persons who received the misdesignated Material at issue shall promptly return all copies of such Material to the Producing Party.

### Disclosure of Confidential Material

29.    Each Person to whom Confidential Material is Disclosed, except those Persons identified in Paragraph Nos. 30(a), (b), (d), and (e) shall, before receiving any Confidential Material as set forth in this Paragraph, agree in writing to be bound by this Order by signing a declaration in the form annexed as Exhibit A. Such declarations shall be secured by counsel for the Party making the disclosure, and the names of Persons who have signed a declaration shall not be discoverable except upon a showing of good cause and by order of the Court.

30.    Unless otherwise directed by the Court or authorized by the Producing Party, and subject to the other restrictions in this Order, Confidential Material may be Disclosed only to the persons identified below:

    (a)    The Court and appropriate court personnel, including the Superior Court of Justice, Ontario, Canada;

8

(b)     The Receiving Party's outside counsel who are retained to prosecute or defend the claims in the Action and/or Related Action and/or the Canadian Action, and those members of counsel's legal, paralegal, secretarial or clerical staff assisting in the prosecution or defense to whom it is reasonably necessary to disclose Material for this litigation;

(c) In-house counselor advisors for any Party specifically assigned by the Party in question to provide or assist in providing legal advice on the prosecution or defense of claims in the Action and/or Related Action and/or the Canadian Action and those counsel's or advisor's legal, paralegal, secretarial or clerical staff assisting in the prosecution or defense to whom it is reasonably necessary to disclose Material for this litigation, provided that each such counsel (i) shall be a member in good standing of a state, federal or international bar, (ii) shall certify in writing to the person making disclosure that he/she is not involved in competitive decision making as to the purchase, sale or marketing of aftermarket automotive lighting, and (iii) agrees in writing to be bound by this Order by signing a declaration in the form annexed as Exhibit A;

(d)     Court reporters, court videographers, copy and litigation support vendors, and their staffs, to whom disclosure is reasonably necessary for this litigation;

(e)     Any person who was either an author or recipient of the Confidential Material or to whom it was otherwise disclosed, prior to the intended disclosure in the Action and/or Related Actions and/or the Canadian Action;

(f)     To any witness in this matter in connection with an interview or deposition, where the attorney making the disclosure has a good faith basis to make the disclosure in furtherance of the prosecution or defense of this Action and/or the Related Actions and/or the Canadian Action, subject to the following provisions:

    (i)     For pricing, cost, profit and/or customer-identification information that is less than two years old as of the date of proposed disclosure, before disclosing the information to those referred to in subsection (f), the party seeking to make the disclosure will provide the Producing Party with notice of the intended disclosure and afford the Producing Party an opportunity to object to the disclosure.

    (ii)    In the event that such a dispute cannot be resolved by the Parties, either Party may apply to the Court or magistrate judge for a determination whether the objection is appropriate. The burden rests on the Party

       objecting to disclosure to demonstrate that further restriction beyond that in this Protective Order is proper.

    (iii) These provisions are without prejudice to the Parties' rights with respect to discovery generally. Any Party shall have the right to seek discovery of information less than two years old, and any Party to whom such a request is directed shall have the right to object on grounds unrelated to the provisions of paragraph 30(f) (i).

  (g) Consulting or testifying experts retained by any of the Parties for assistance in the prosecution or defense of claims in the Action and/or Related Action and/or the Canadian Action;

  (h) Arbitrators and mediators involved in resolving disputes over claims in the Action and/or Related Action and/or the Canadian Action; and

  (i) Participants in mock trial or mock jury exercises conducted by counsel for a Party;

  31. In the case of witnesses at trial or at a hearing, nothing in this Order shall preclude the disclosure of Confidential Material and any Party seeking such protection must apply separately to the Court.

  32. A Producing Party may, at the time of or at any time after the production or disclosure of Confidential Material but no later than forty-five (45) days before the date set for trial in this Action or Related Actions, request that particular Confidential Material not be Disclosed to Persons described in paragraph 30(c) above by serving upon counsel for such Persons a written notice (i) identifying the particular Confidential Material subject to the request, and (ii) stating with specificity the grounds for the request. If agreement cannot be reached within ten (10) days of such notice the Producing Party may apply to the Court for appropriate relief. On any such motion, the Producing Party shall have the burden to establish that the additional restriction on disclosure of Confidential Material is appropriate.

  33. All pleadings, motions, or other papers filed with the Court that contain or make reference to Confidential Material must be lodged with a request for filing under seal in compliance with Civil Local Rule 79-5.1. Requests for sealing must be limited only to those narrowly tailored portions of Confidential Material for which good cause to seal exists. All other portions of the Confidential Material must be included in the public record and clearly indicated where Confidential Material has been redacted and sealed. Each filing requires an

individualized sealing order; blanket prospective authorizations are not allowed pursuant to Civil Local Rule 79-5 and *Kamakana* v. *Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). Any Material received by the Canadian Plaintiff pursuant to this Order shall be filed in the Canadian Action under seal, and if the Canadian Court declines to accept such Material under seal the Canadian Plaintiff shall withdraw such Material.

34. Chambers copies should include all Confidential Material, both redacted and unredacted, so that chambers staff does not have to reassemble the whole brief or declaration.

### Inadvertent Disclosure of Privileged Material

35. If any Material produced in response to discovery requests in this Action and/or Related Actions is subject to a claim of privilege or identified as trial preparation material, the Producing Party may notify any Receiving Party about the inadvertent production of this Material and that the Material should have been withheld on the grounds of a privilege, including the attorney-client privilege, attorney work product doctrine or similar protections (collectively referred to as "Inadvertently Produced Privileged Material"). The Receiving Party upon receiving notice must immediately return the Inadvertently Produced Privileged Material to the Producing Party, including any copies, must not use or disclose the Material, and must take reasonable steps to retrieve the Material if the Receiving Party disclosed it before being notified. In connection with any motion presented to the Court regarding a determination of privilege, the Receiving Party may not assert that the fact of production alone constitutes a waiver of an applicable privilege. However, nothing in this Paragraph shall preclude a Party from asserting that the production of the allegedly Inadvertently Produced Privileged Material was not inadvertent or that the conduct or circumstances constitute a waiver, or from arguing that the Inadvertently Produced Privileged Material is not Privileged. Nothing in this paragraph shall relieve the Producing Party of any burden otherwise imposed under Rule 502 of the Federal Rules of Evidence.

### Miscellaneous

36. Any Person who has received Confidential Material subject to this Order who receives a document request, order or subpoena for production or Disclosure of such Material ("Compulsory Process") shall promptly, and in no event more than five (5) court days prior to the date on which compliance with the Compulsory Process falls due, give written notice to the Producing Party's outside counsel identifying the Confidential Material sought and providing a

copy of the Compulsory Process. The Person subject to the Compulsory Process shall not produce or Disclose the requested Material prior to the date of production called for in the Compulsory Process. The Receiving Party must also promptly, and in no event more than five (5) court days prior to the date on which compliance with the Compulsory Process falls due, inform in writing the Party who caused the Compulsory Process to issue in the other litigation that some or all of the Material covered by the Compulsory Process is the subject of this Order, and deliver a copy of this Order promptly to such person.

37. Within ninety (90) days of a written request after a final, nonappealable judgment has been entered with respect to all of the claims against all Defendants in the Action and/or Related Actions and/or the Canadian Action, Persons who received Confidential Material governed by this Order shall destroy all Confidential Material. Notwithstanding the foregoing, Plaintiffs' Counsel may retain Confidential Material for the administration of any class settlements in the Action and/or Related Actions and/or the Canadian Action and the distribution of funds to class members. Within sixty (60) days after the final distribution of funds to class members, after all appellate review rights have been exhausted with respect to such distribution, any such Confidential Material shall be destroyed as described above. Notwithstanding this provision, counsel may retain an archival copy of all attorney work product and correspondence, and a complete set of court filings, depositions and exhibits, provided that Counsel shall take all reasonable steps to maintain the confidential nature of the Material so retained in accordance with this Order.

38. All obligations and duties arising under this Order and under any declaration executed pursuant to this Order shall survive the termination of this Action and/or Related Actions *and/or the Canadian Action* unless the Producing Party agrees otherwise in writing or the Court otherwise orders.

39. Nothing in this Order shall prohibit any Party from seeking modification of this Order, either by stipulation among the Parties or by application to the Court.

40. Persons receiving Confidential Material governed by this Order shall take all reasonable technical and organizational measures to prevent unauthorized access to, Disclosure, use, or other Processing of, Confidential Material.

41. Nothing in this Order shall restrict the use by a Party of its own Confidential Material.

42. This Order is without prejudice to a Party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection not based on the confidentiality of the Material sought.

43. Neither this Order nor the Disclosure of Confidential Material shall be deemed a concession or determination of the relevance, materiality, or admissibility of Confidential Material governed by or Disclosed under this Order.

44. Nothing in this Order shall be deemed to modify any of the provisions of Local Rule 37-1 through 37-4.

IT IS HEREBY ORDERED that this Modified Protective Order shall govern the production of documents and other discovery in the above-entitled action.

DATED: February 14, 2011

_____
GEORGE H. WU, U.S. DISTRICT JUDGE