1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re AFTERMARKET AUTOMOTIVE LIGHTING PRODUCTS ANTITRUST LITIGATION | ) No. 2:09-ml-02007-GW(PJWx) ) ) |
| _____ | ) AMENDED RULE 54(b) FINAL ) JUDGMENT ORDER  AS TO:  (1) DEPO AUTO PARTS INDUSTRIAL CO. LTD. AND MAXZONE VEHICLE LIGHTING CORP.; AND (2) SABRY LEE (U.S.A.) INC. AND SABRY LEE LIMITED **[ALLOCATED EXPENSES]** |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    On November 8, 2011, the Court entered an Order Granting Preliminary

2    Approval of Proposed Settlements With Defendants (1) Depo Auto Parts

3    Industrial Co. Ltd., and Maxzone Vehicle Lighting Corp. and (2) Sabry Lee

4    (U.S.A.) Inc. and Sabry Lee Limited[1] [Dkt. 391] ("Preliminary Approval Order").

5    That Preliminary Approval Order specified the manner in which Garden City

6    Group (the "Claims Administrator") was to provide Class Notice to the

7    Settlement Class.

8    Within ten (10) days of the filing of the Preliminary Approval Motion, the

9    Settling Defendants complied with the requirements of 28 U.S.C. § 1715(b) by

10   serving the appropriate documents and other information on the appropriate State

11   and Federal officials.

12   Following the dissemination of Class Notice and Election Form, Class

13   Members were given an opportunity to (a) request exclusion from the Class, or

14   (b) comment or object to the Settlement Agreement and/or to Class Counsel's

15   request for fees and expenses and the Class Representatives' application for an

16   incentive award.

17   A Fairness Hearing was held on February 23, 2012, at which time all

18   interested persons were given a full opportunity to state any objections to the

19   Settlement Agreement.  The Fairness Hearing was held 97 days after the

20   Settling Defendants provided notice as required by 28 U.S.C. § 1715(d) and 93

21   days after the Class was provided Notice pursuant to paragraphs 6-7 of the

22   Preliminary Approval Order.

23

24

25

_____

26   [1] Depo Auto Parts Industrial Co. Ltd., and Maxzone Vehicle Lighting Corp. and
27   (2) Sabry Lee (U.S.A.) Inc. and Sabry Lee Limited are collectively referred to as
     "Settling Defendants."

28

- 1 -

1   Having read and fully considered the terms of the Settlement Agreements

2   with the Settling Defendants (attached as Exhibits A and B to Dkt. No. 315-2)[2],

3   and all submissions made in connection with them, and the Motion for Attorney

4   Fees, Reimbursement of Costs and Service Awards [Dkt. 396], the Court finds

5   that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is

6   no just reason for delay, and therefore expressly directs the entry of Final

7   Judgment as to the Settling Defendants.  The Settlement Agreements should be

8   finally approved and the Settling Defendants only dismissed with prejudice as to

9   all Class Members who have not excluded themselves from the Class, and

10  without prejudice as to all persons who timely and validly excluded themselves

11  from the Class.

12      IT IS HEREBY ORDERED that:

13      1.    The Court hereby approves the terms of the Settlement Agreements

14  as fair, reasonable, and adequate as it applies to the Class, and directs

15  consummation of all its terms and provisions.

16      2.    The Settlement Agreements shall be binding on the Settling

17  Defendants and all Plaintiffs, including all members of the Class who have not

18  been excluded pursuant to the Settlement Agreement.

19      3.    The Court dismisses on the merits and with prejudice the Amended

20  Consolidated Class Action Complaint as to the Settling Defendants only. Upon the

21  Effective Date, Settling Plaintiffs (the "Releasors") shall be deemed to have, and

22  by operation of the Final Order and Judgment shall have, released, acquitted and

23  forever discharged from any and all claims, demands, actions, suits, causes of

24  action, whether class, individual, or otherwise in nature (whether or not any

25

26

27  [2] All capitalized terms used in this Order have the meaning as defined in the Settlement Agreements, which are incorporated herein by reference.

28

FINAL JUDGMENT AND ORDER AS TO
DEPO/MAXZONE AND SABRY LEE SETTLEMENTS

Settling Plaintiff has objected to the Settlement or makes a claim or participates in the Settlement Fund), whether directly, representatively, derivatively or in any other capacity that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, related to, or in any way arising out of or relating in any way to Releasees (or any of them) concerning the pricing, production, development, or sale of Aftermarket Automotive Lighting Products during the period from July 29, 2001 to February 10, 2009, as alleged in the Amended Consolidated Class Action Complaint. All members of the Class who did not duly request exclusion from the Class in the time and manner provided in the Class Notice are hereby barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against the Settling Defendants or any of the other entities or persons who are to be discharged as noticed above, based upon, relating to, or arising out of, any of the matters which are discharged and released pursuant to the Settlement Agreements.

4.    Class Counsel shall file with the Clerk of the Court a record of Class Members who have properly and timely excluded themselves from the Settlement, and shall provide a copy of the record to Settling Defendants.

5.    The Court dismisses without prejudice the claims of Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in the Settlement Agreements.

6.    If the Settlement Agreements becomes null and void pursuant to the terms of the Settlement Agreements, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

7.    Having reviewed the unopposed Motion for Attorney Fees, Reimbursement of Expenses and Service Awards and all documents filed in relation thereto, to which no entity objected, and having issued its Tentative

FINAL JUDGMENT AND ORDER AS TO
DEPO/MAXZONE AND SABRY LEE SETTLEMENTS

1   Ruling and Minute Order granting in full the motion for final approval of the

2   class action settlements with Defendants Depo and Sabry Lee [Dkt. 444] and

3   having reviewed with Defendants Depo and Sabry Lee [Dkt. 444] and having

4   reviewed Plaintiffs' supplemental papers in further support of their application

5   for reimbursement of expenses [Dkt 446, 446-1] and Plaintiffs' further

6   supplemental papers submitted to the Court *in camera* on March 16, 2012 in

7   support of their application for reimbursement of expenses, the Court concludes

8   that an amount equal to 25% of the Settlement Fund, $6,362,500 shall be

9   awarded to Class Counsel for fees related to the prosecution of this Action and

10  $756,792.62 shall be awarded as reimbursement for actual expenses incurred by

11  Class Counsel through October 31, 2011.  The Court finds that Class Counsel

12  have expended substantial and skilled time and efforts in an efficient manner to

13  bring this action to conclusion.  These efforts included, but were not limited to,

14  engaging in lengthy and independent, factual investigation and informal

15  discovery, lengthy formal discovery of both parties and non parties,

16  interviewing witnesses, preparing for and conducting depositions both

17  domestically and abroad, briefing numerous motions, obtaining class

18  certification and engaging in numerous arms-length settlement discussions and

19  meetings with the Settling Defendants, and posturing the case for an efficient

20  and substantial recovery for the Class.  Additionally, the Court finds that this

21  award is commensurate with the level of skill displayed by Class Counsel

22  throughout the prosecution of this Action.  And finally, the Court finds this

23  award appropriate in the light of the contingent nature of Class Counsel's fees

24  and reimbursement of their expenses and the risk associated with these types of

25  cases.  Given all these factors, and after a review of the complete record, the

26  Court finds the amount awarded to be reasonable and fair.  Within ten (10)

27  business days of this Order, the escrow officer is directed to wire transfer this

28

FINAL JUDGMENT AND ORDER AS TO
DEPO/MAXZONE AND SABRY LEE SETTLEMENTS

1  amount to a bank account identified by Class Counsel.

2       8.   The Court finds that each Class Representative should be awarded

3  $15,000 as an Incentive Award for their efforts and expenses and the risks

4  undertaken for their service as Class Representatives.  The Court concludes that

5  this amount is just and reasonable under Ninth Circuit precedent and in

6  accordance with California law.  Within ten (10) business days of this Order, the

7  escrow officer is directed to mail checks to Class Counsel for each Class

8  Representative in the amount specified in this paragraph.  Class Counsel is

9  directed to deliver these checks to each Class Representative by mail or other

10  means.

11      9.   Without affecting the finality of the Final Order and Judgment in

12  any way, the Court reserves continuing and exclusive jurisdiction over the

13  parties, including all Class Members as defined above, and the execution,

14  consummation, administration, and enforcement of the terms of the Settlement

15  Agreement.

16      10.   The Plan of Administration and Distribution, annexed as Exhibit C to

17  the Declaration of Jason S. Hartley in Support of Plaintiffs' Motion for Preliminary

18  Approval of the Proposed Settlements, which was previously filed with the Court

19  [Dkt. No. 315-2, pp. 54-58], is hereby approved.

20      The Clerk is directed to enter this Final Order and Judgment forthwith.

21

22      IT IS SO ORDERED.

23  DATED:  March 22, 2012

24  _____
    GEORGE H. WU, U.S. District Judge

25

26

27

28

- 5 -

FINAL JUDGMENT AND ORDER AS TO
DEPO/MAXZONE AND SABRY LEE SETTLEMENTS

1   Submitted by:

2   ROBBINS GELLER RUDMAN
       & DOWD LLP
3   BONNY E. SWEENEY
    THOMAS R. MERRICK
4   655 West Broadway, Suite 1900
    San Diego, CA  92101
5   Telephone:  619/231-1058
    619/231-7423 (fax)
6
    STUEVE SIEGEL HANSON, LLP
7   JASON S. HARTLEY
    JASON M. LINDNER
8   550 West C Street, Suite 610
    San Diego, CA  92101
9   Telephone:  619/400-5822
    619/400-5832 (fax)
10
    HAUSFELD LLP
11  MICHAEL P. LEHMANN
    JON T. KING
12  44 Montgomery Street, Suite 3400
    San Francisco, CA  94104
13  Telephone:  415/633-1908
    415/358-4980 (fax)
14
    HAUSFELD LLP
15  MICHAEL D. HAUSFELD
    HILARY K. RATWAY
16  1700 K Street NW, Suite 650
    Washington, DC  20006
17  Telephone:  202/579-1089
    202/747-5713 (fax)
18
    LABATON SUCHAROW LLP
19  JAY L. HIMES
    HOLLIS L. SALZMAN
20  WILLIAM V. REISS
    140 Broadway, 34th Floor
21  New York, NY  10005
    Telephone:  212/907-0700
22  212/818-0477 (fax)

23  *Direct Purchaser Plaintiffs' Class
    Counsel*

24

25

26

27

28