UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE AFTERMARKET AUTOMOTIVE LIGHTING PRODUCTS ANTITRUST LITIGATION | Case No.<br><br>MDL 09-2007-GW(PJWx)<br><br>Assigned for all purposes to The Honorable George Wu<br><br>**PROTECTIVE ORDER TO GOVERN CIVIL DISCOVERY WHILE PARALLEL CRIMINAL PROCEEDINGS ARE PENDING**<br><br>Date: July 16, 2012<br>Time: 8:30 a.m.<br>Courtroom: 10<br>Honorable George Wu |

Pursuant to the Court's June 21, 2012 Order at the Hearing on Plaintiffs' Motion to Vacate, the Government's Motion for a Protective Order and Eagle Eyes and E-Lite's Motion to Extend the Stay, [Dockets No. 458, 459, 466], the parties have met and conferred and submitted a joint statement regarding a protective order that will govern any civil discovery taken during the pendency of the parallel criminal case, *United States v. Homy Hong-Ming Hsu et al.*, 11-cr-RS (N.D. Cal. Jul. 11. 2011) (the "Criminal Case") [*see* Docket No. 470 at pp. 8-11]. Accordingly, IT IS HEREBY ORDERED,

1. Neither Plaintiffs nor Defendants may probe into a deponent's contacts and conversations with the Government regarding its criminal investigation and trial preparation in the Criminal Case. This prohibition shall preclude the parties from asking a deponent about the circumstances and substance of any meetings he/she has had with the Government relating to the Criminal Case, the subject of any such meetings, what was discussed in/during any such meetings, what documents (if any) the Government has shown or provided to the deponent, whether the deponent will testify at the trial in the Criminal Case, and the timing and frequency of any contacts and conversations with the Government.

2. The Government may attend the depositions (either in person or by telephone) of any civil witnesses taken during the pendency of the Criminal Case for the limited purpose of interposing objections consistent with this Protective Order, but the Government shall not ask any question of or otherwise examine any witness at any deposition in this matter.

3. Except upon leave of the Court for good cause shown, no depositions shall be set or scheduled, and notices of depositions shall not be served, during the period starting two (2) weeks prior to the commencement of the Criminal Case and ending two (2) court days after the jury has been dismissed in the Criminal Case. Nor shall depositions be scheduled on

days in which Government counsel are required to appear in the Criminal Case. The required appearances currently scheduled are a Motions Hearing on August 28, 2012, and a Pretrial Conference on September 11, 2012.

4. In the event that a subsequent deposition of a witness needs to be taken after the conclusion of the Criminal Case because certain areas of examination could not be covered due to witness's invocation of the Fifth Amendment or this Protective Order, all parties to this Protective Order reserve all rights to seek appropriate relief from this Court relating to the retaking of these depositions, including seeking reimbursement of costs associated with the retaking of a deposition that could have been scheduled and taken shortly after the trial in the criminal case without the need of the protections granted in this Order.

Dated: July 16, 2012

_____
The Honorable George H. Wu
U.S. DISTRICT JUDGE