1
2
3
4
5
6
7
8
9  UNITED STATES DISTRICT COURT
10  CENTRAL DISTRICT OF CALIFORNIA
11  WESTERN DIVISION

| | |
|---|---|
| 12  In re AFTERMARKET AUTOMOTIVE LIGHTING PRODUCTS ANTITRUST LITIGATION | No. 2:09-ml-02007-GW(PJWx) |
| 13 | [PROPOSED] ORDER GRANTING PRELIMINARY |
| 14 | APPROVAL OF THE PROPOSED SETTLEMENT WITH |
| 15 | DEFENDANTS EAGLE EYES TRAFFIC INDUSTRIAL CO. |
| 16 | LTD. AND E-LITE AUTOMOTIVE, INC. |

17
18
19
20
21
22
23
24
25
26
27
28

1    Upon consideration of the Motion for Preliminary Approval of the Proposed

2  Settlement ("Motion") with Eagle Eyes Traffic Industrial Co. Ltd. and E-Lite

3  Automotive, Inc. (collectively, "Eagle Eyes"), it is hereby ORDERED as follows:

4    1.     The Motion is hereby Granted.

5    2.     The Court finds that the proposed settlement with Eagle Eyes, subject

6  to final determination following a hearing after notice to the Class, is sufficiently

7  fair, reasonable and adequate to authorize dissemination of Notice to the Class.

8    3.     Notice shall be provided to all Class Members who can be identified

9  using reasonable efforts.

10    4.     The Court approves the form of the Notice of Proposed Class Action

11  Settlement with Certain Defendants and Final Approval Hearing ("Notice") and

12  Summary Notice of Proposed Partial Class Action Settlement and Final Approval

13  Hearing ("Summary Notice"), attached to the Motion as Exhibits A and B to the

14  Declaration of Jennifer M. Keough, Chief Operating Officer of the Claims

15  Administrator, Garden City Group, respectively.  The Court further finds that the

16  mailing and publication of the Notices in the manner set forth in Paragraphs 6 and

17  7 below constitutes the best notice practicable under the circumstances as well as

18  valid, due and sufficient notice to all Class Members and complies fully with the

19  requirements of Federal Rule of Civil Procedure 23 and the due process

20  requirements of the Constitution of the United States.

21    5.     The firm of Garden City Group, Inc. ("Claims Administrator") is

22  hereby appointed to supervise and administer the notice procedure as well as

23  processing the claims as more fully set forth below.

24    6.     The Claims Administrator is hereby directed to cause the Notice and

25  Claim Form, in the forms attached to the Motion as Exhibit A to the Declaration of

26  Jennifer M. Keough, to be (a) mailed by first class mail, postage prepaid, within 15

27  days of entry of this Order ("Notice Date") to all Class Members who can be

28

1  identified using reasonable efforts; and (b) provided to all persons who request

2  them.  The Claims Administrator shall also post copies of the Notices on the

3  Internet at a readily accessible web address.  The web address shall be identified in

4  all Notices.

5      7.    Plaintiffs' Co-Lead Counsel are hereby directed to cause the

6  Summary Notice, in the form attached to the Motion as Exhibit B to the

7  Declaration of Jennifer M. Keough, to be published within 10 days of the Notice

8  Date in *Aftermarket Business World* and *Parts and People*.

9      8.    The Court will hold a hearing ("Final Approval Hearing") on

10  _____, 2013, at _ _.m. at the United States Courthouse, 312 N. Spring Street,

11  Los Angeles, CA 90012, Courtroom 10, to determine the fairness, reasonableness

12  and adequacy of the proposed settlement and whether the proposed settlement

13  should be finally approved and a final judgment entered thereon.  The Court will

14  also consider whether to approve Plaintiffs' Co-Lead Counsel's fee, cost, and

15  expense application.  Any Class Member who follows the procedure set forth in

16  the Notices may appear and be heard at the Final Approval Hearing.  The Final

17  Approval Hearing may be continued without further notice to the Class.

18      9.    Any Class Member who wishes to object to the terms of the proposed

19  settlement or to Plaintiffs' Co-Lead Counsel's fee and expense application, must

20  file his/her/its objection with the Clerk of the Court, and mail it to the Claims

21  Administrator, Plaintiffs' Co-Lead Counsel and counsel for Eagle Eyes,

22  filed/postmarked no later than 45 days after the Notice Date (the "Objection

23  Deadline"), and shall otherwise comply with the requirements set forth in the

24  Notices.

25      10.   Any Class Member who wishes to submit a Claim Form must mail it

26  to the Claims Administrator, postmarked no later than 45 days after the Notice

27  Date, and shall otherwise comply with the requirements and instructions set forth

28  in the Claim Form.

11.     Plaintiffs' Co-Lead Counsel's petition for attorneys' fees, costs, and expenses must be filed no later than 21 days before the Objections Deadline.

12.     Plaintiffs' Co-Lead Counsel shall file with the Court and serve on the parties all documents in support of final approval of the proposed settlement no later than 14 days prior to the Final Approval Hearing.

13.     The Court approves the establishment of the escrow accounts under the proposed settlement as qualified settlement funds ("QSFs") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSFs.  Plaintiffs' Co-Lead Counsel are, in accordance with the proposed settlement, authorized to expend funds from the QSFs for the payment of the costs of notice, payment of taxes, and settlement administration costs.

14.     The litigation against Eagle Eyes only is stayed to the extent necessary to effectuate the proposed settlement.

15.     The Court retains jurisdiction to consider all further applications arising out of the proposed settlement.  The Court may approve the proposed settlement, with such modifications as may be agreed to by Plaintiffs and Eagle Eyes, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: _____

_____
Hon. George H. Wu
United States District Court Judge